(No. 1609—

Rosalthia P. Tunnicliff and G. S. Rollett, Claimants, vs. State of Illinois, Respondents.

*Opinion filed November 4, 1931.*

S. S. Groves, for claimant.

Oscar E. Carlstrom, Attorney General; Carl I. Dietz, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

This is a claim in the amount of $104.00 for damages to a growing crop of corn caused by water overflowing the claimants land in the summer of 1929.

Claimant G. S. Rollett was the tenant of claimant Rosalthia P. Tunnicliff, owner of a farm situated on State Highway No. 96, one-half mile north of the Village of Marcelline, Adams County, Illinois.

Claimants had a crop of growing corn in which they each had an equal share on a 13 acre field adjacent to the highway. A new hard road State Highway, known as S. B. I. Route No. 96 contiguous to this 13 acre field was built prior to the summer of 1929. In the building of the new road the drainage conditions at this point were not materially changed from those which existed on the original road but a new system of drainage incident to changed construction was necessary.

The evidence does not disclose any faulty construction of this State Highway, nor does the record show any negligence on the part of the State in the building of the drainage system. However, the fact is undisputed that in the months of June

and July, 1929, during heavy rainfalls, water caused by freshets overflowed the growing crop of corn in the field of the complainants. This field, near the roadway was low, and there was a small basin with no natural outlet. This basin or low land had been subject to overflow prior to the building of the new State Highway. There is some difference of opinion in the evidence as to the exact size of this basin and also as to the size of the portion of the field outside of this basin which was overflowed during June and July, 1929. The claimants allege that the one acre of growing corn was totally destroyed and 50 per cent of two more acres was injured.

It appears from the evidence that the new drainage system at this point was not quite adequate to carry off the water resulting from unusually heavy rainfalls.

From the report on this claim submitted by the Division of Highways, Department of Public Works and Buildings, State of Illinois, we quote the following:

"The matter of drainage at this location was brought to our attention some time during the latter part of the summer of 1929, and there is a well-defined draw to the east of the State Highway and as we were attempting to carry water in our road ditches for too great a distance, we decided to construct a 2 x 2 reinforced concrete culvert at station 198-12 in order to relieve the water from our west road ditch. This culvert was constructed about the middle of May, 1930.

"There is no question in my mind but what the crop in this field was damaged to some extent during the extremely heavy rain falls in that vicinity during the months of June and July of 1929, and that this damage was sustained solely due to the fact that we were attempting to carry the water in our west road ditch for too great a distance without passing it underneath the road and to the east in which the natural course lies at this particular location."

This report acknowledges responsibility for damage to the growing crop of corn. The question arises as to the extent of the damage. According to the statement submitted by the State of Illinois not more than one and one-fourth acres was totally damaged as the result of the overflow. Claimants estimate two acres were totally damaged. Taking into consideration all the circumstances, facts, and evidence submitted this court finds that one and one-half acres of the growing crop of corn was totally destroyed.

The Bill of Particulars sets forth that the average yield of the field was 65 bushels per acre and claims the price was 80 cents per bushel.

· In the case of *Illinois Traction, Inc.* vs. *State of Illinois,* Court of Claims Reports, Volume 5, Page 422, this court held that the State is not liable for damage caused by overflow, therefore we determine that there is in this case no legal liability on the part of the State of Illinois.

Although there is no legal liability we believe that in equity and good conscience the claimants, Rosalthia P. Tunnicliff and G. S. Rollett, should be reimbursed on account of the losses sustained and accordingly an award is allowed in the sum of $78.00.